USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-1-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSE RAMOS,

                Plaintiff,

    -against-

JODI BUS CONSOLIDATED,

                Defendant.
-----------------------------------------------------------x

13 Civ. 1672 (PKC)

MEMORANDUM AND ORDER

CASTEL, District Judge:

        The plaintiff, who is proceeding pro se, commenced this action on March 12, 2013. (Docket # 2.) He asserts that defendant Jodi Bus Consolidated violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., when it terminated him. The Complaint's sole description of the underlying events states as follows: "I could not plunge a stuffed toilet bowl – I used a plunger – but it did work!" (Compl't at 3.)

        On July 23, 2013, defendants filed a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Docket # 13.) Pursuant to an Order of this Court, plaintiff's opposition papers were due no later than August 23, 2013. (Docket # 12.) Plaintiff submitted no papers in opposition and has made no request for an extension. The Court therefore considers the motion unopposed.

        An unopposed Rule 12(b)(6) motion is subject to review on the merits. McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At the same time, "'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Courts continue to afford special solicitude for pro se complaints after Iqbal and Twombly. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Drawing every reasonable inference in favor of the plaintiff and mindful of the special solicitude afforded to a pro se litigant, the defendant's motion to dismiss is granted.

According to the Complaint, plaintiff was born on April 12, 1951. (Compl't at 3.) Plaintiff asserts that defendant's alleged discriminatory actions occurred on February 22, 2012, when he was 61 years old. (Compl't at 3.) On March 30, 2012, he filed a charge of discrimination with the New York State Division of Human Rights (the "NYSDHR"), which concluded that there was no probable cause to support his claim of age discrimination.[1] (Compl't Exhibit.) The EEOC thereafter issued a right-to-sue letter. (Compl't Exhibit.)

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to allege a prima facie case of age discrimination, a plaintiff must plausibly assert "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under

---

[1] In its findings, the NYSHDR includes certain details not set forth in the Complaint. It states that "[t]he evidence in the record shows that Complainant was terminated because he could not unclog a toilet that was eventually unclogged by another of Respondent's employees. The other employee unclogged the toilet by applying two plunges with a toilet bowl plunger." (Compl't Ex.) The NYSHDR noted that plaintiff received higher pay than other employees with his job title, and that from April 5, 2011 through April 5, 2012, the respondent terminated 19 individuals ranging in age from 22 to 65. (Id.) It concluded that there was no probable cause to find that the respondent engaged in age discrimination. (Id.)

2

circumstances giving rise to an inference of discrimination." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010). A plaintiff's burden in making out a prima facie case is de minimis. Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000).

To state a claim under the ADEA, a plaintiff must plausibly allege "that age was the 'but-for' cause of the employer's adverse decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009). Conduct by an employer that reflects differential treatment, such as replacing plaintiff with a much younger employee, may suffice to raise an inference of discriminatory intent. See, e.g., Woodman v. WWOR-TV, Inc., 411 F.3d 69, 77-78 (2d Cir. 2005).

The Complaint includes no allegations that raise an inference of age discrimination. The sole allegation involving workplace conduct appears to assert that plaintiff successfully performed a janitorial task involving a clogged toilet (Compl't at 3), and includes no further details that shed light on defendant's alleged discriminatory conduct. The Complaint makes no assertion of age-based animus and posits no evidence that plaintiff received differential treatment compared to other, younger employees. Affording plaintiff special solicitude as a pro se and drawing every reasonable inference in his favor, the Complaint appears to assert that, at most, he was terminated because of his age and that an inaccurate and unfair assessment about his efforts to plunge a clogged toilet were a pretext for his termination. Such an allegation, without more, does not support an inference that plaintiff suffered an adverse employment action due to age discrimination.

Separately, plaintiff's administrative claim to the NYSHDR and the EEOC's Right to Sue letter both were directed toward an entity called East New York Services Corporation. (Compl't Ex.) The defendant in this action is identified as Jodi Bus Consolidated. Plaintiff's apparent failure to receive a right-to-sue letter as to Jodi Bus Consolidated is a

3

separate basis to dismiss the Complaint. See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74 (2d Cir. 2003) (dismissing discrimination action for failure to file administrative complaint against defendant).

The defendants' motion to dismiss is GRANTED. (Docket # 13.) The Clerk is directed to terminate the motion and enter judgment for the defendant.

SO ORDERED.

P. Kevin Castel
United States District Judge

New York, New York
October 31, 2013